J. S71005/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL SEAN KEYS, JR., | : | No. 731 MDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, April 24, 2014,
in the Court of Common Pleas of York County
Criminal Division at No. CP-67-CR-0007095-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED MARCH 27, 2015**

Appellant, Michael Sean Keyes, Jr., appeals from the judgment of sentence entered on April 24, 2014, in the Court of Common Pleas of York County.  Appointed counsel, John M. Hamme, Esq., has filed a petition to withdraw accompanied by an **Anders** brief.[1]  We grant counsel's withdrawal petition and affirm.

Appellant was a backseat passenger during a vehicle stop.  During the traffic stop, the officer discovered appellant had warrants for his arrest.  A search incident to this arrest led to the discovery of an illegal firearm and

---

* Former Justice specially assigned to the Superior Court.

[1] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

marijuana. A review of the facts presented at the suppression hearings follows.

Officer Tiffany Vogel testified that at approximately 1:30 a.m. on June 28, 2013, she was in uniform and on patrol in a marked police vehicle with another officer. Officer Vogel observed a white Chevy Cobalt pass her police vehicle. (Notes of testimony, 3/21/14 at 6-7.) As it passed, she noticed the registration lamps were not illuminating the registration tag as required by the Vehicle Code. (*Id.* at 7.) Officer Vogel testified she was approximately 12 to 20 feet from the vehicle and could not see the tag at all, "it was that black, that dark." (*Id.* at 12.) The officer, who was in uniform and driving a marked police vehicle, began to follow the vehicle and then observed the Chevy pull over to the side of the road. (*Id.*) Officer Vogel proceeded to drive around the back; when the officer returned, she observed the vehicle had pulled back out onto the street and was traveling in front of the police cruiser. (*Id.* at 7-9.)

Officer Vogel initiated a traffic stop based on the failure of the vehicle to have operating registration lamps. (*Id.*) The officer approached the vehicle and put her hand underneath the registration lamp; she observed that the bulb was lit, however, it was "so dim." (*Id.* at 10-11.) When Officer Vogel approached the vehicle and saw the driver, she recalled that she had previously pulled this vehicle over for a registration lamp failing to

illuminate. She had provided the driver with a warning but did not cite him at this first encounter. (**Id.** at 11.)

Officer Vogel then observed appellant in the rear of the vehicle. (**Id.**) The officer ran appellant's name and discovered warrants for his arrest. A search incident to this arrest led to the discovery of an illegal firearm and marijuana. Appellant was placed under arrest.

Appellant filed a motion to suppress on January 15, 2014; following a hearing, the motion was denied and a stipulated bench trial commenced. Thereafter, appellant was found guilty of firearms not to be carried without a license, 18 Pa.C.S.A. § 6106(a)(1), and possession of a small amount -- personal use, 35 P.S. § 780-113(a)(31)(i). On April 24, 2014, appellant was sentenced to an aggregate term of 3½ to 7 years' incarceration.

A timely notice of appeal was filed. Thereafter, counsel complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion. Subsequently, on August 13, 2014, Attorney Hamme filed a petition for leave to withdraw and an **Anders** brief with this court; attached was his letter to appellant explaining there are no non-frivolous issues that could be raised on appeal. Appellant has not responded to the petition to withdraw.

"When presented with an **Anders** brief, this [c]ourt may not review the merits of the underlying issues without first passing on the request to

withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010), citing **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (**en banc**) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to **Anders**, certain requirements must be met, and counsel must:
>
> (1)  provide a summary of the procedural history and facts, with citations to the record;
>
> (2)  refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)  set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)  state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.**, quoting **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

> We note that the holding in **Santiago** altered prior requirements for withdrawal under **Anders**. **Santiago** now requires counsel to provide the reasons for concluding the appeal is frivolous. The Supreme Court explained that the requirements set forth in **Santiago** would apply only to cases where the briefing notice was issued after the date that the opinion in **Santiago** was filed, which was August 25, 2009.

**Id.**  As the briefing notice in this case followed the filing of **Santiago**, its requirements are applicable here.

Our review of Attorney Hamme's application to withdraw, supporting documentation, and **Anders** brief reveals that he has complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant, advised him of his right to retain new counsel, proceed **pro se**, or raise any additional points that he deems worthy of this court's attention, and attached to the **Anders** petition a copy of the letter sent to appellant as required under **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa.Super. 2005). **See Daniels**, 999 A.2d at 594 ("While the Supreme Court in **Santiago** set forth the new requirements for an **Anders** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in **Millisock** that remain binding legal precedent."). As Attorney Hamme has complied with all of the requirements set forth above, we will proceed with our review.

The following is the sole issue presented on appeal:

> I. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S PRETRIAL MOTION TO SUPPRESS WHEN THE FACTS PRESENTED ESTABLISH THAT POLICE OFFICERS DID NOT HAVE THE REQUIRED REASONABLE SUSPICION TO BELIEVE A VIOLATION OF THE VEHICLE CODE HAD BEEN COMMITTED AND THE STOP OF THE VEHICLE WAS UNLAWFUL[?]

Appellant's brief at 4.

We begin our analysis of the suppression issues with this standard of review:

> [I]n addressing a challenge to a trial court's denial of a suppression motion [we are] limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Since the [Commonwealth] prevailed in the suppression court, we may consider only the evidence of the [Commonwealth] and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Cauley*, 10 A.3d 321, 325 (Pa.Super. 2010), quoting *Commonwealth v. Bomar*, 826 A.2d 831, 842 (Pa. 2003).

Appellant argues that the Commonwealth failed to establish that the police officers had reasonable suspicion to believe that a violation of the Vehicle Code had been committed, and as such, the stop was unlawful. Therefore, appellant argues that the evidence gained from the subsequent search of his person was "fruit of the poisonous tree" and should have been suppressed. (Appellant's brief at 7.) We conclude that appellant's argument warrants no relief.

A police officer has the authority to stop a vehicle when he or she has reasonable suspicion that a violation of the Vehicle Code has taken place, for the purpose of obtaining necessary information to enforce the provisions of the Code. 75 Pa.C.S.A. § 6308(b). However, if the violation is such that it requires no additional investigation, the officer must have probable cause to initiate the stop. *Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa.

- 6 -

2010), **appeal denied**, 25 A.3d 327 (Pa. 2011). As further investigation would not help to establish whether appellant was in violation of Section 4304(b), the officers were required to have probable cause to initiate the stop.[2]

Based on the testimony adduced at the suppression hearing, we conclude that the officer articulated sufficient facts she possessed at the time of the challenged traffic stop, which provided probable cause to believe that the license plate lamp on the vehicle in which appellant was a passenger was not sufficiently illuminated in violation of Section 4303(b).[3] Officer Vogel testified that her attention was drawn to the Chevy Cobalt as the license plate was not illuminated. Thereafter, the officers stopped the vehicle. Upon approach, she observed that the bulb was lit but was "so dim." (Notes of testimony, 3/21/14 at 10-11.) The trial court found Officer Vogel's testimony credible. The record supports the court's credibility determination, which we decline to disturb. **Cauley**, **supra**. Accordingly,

---

[2] Although the suppression court opined that the officers had reasonable suspicion, rather than probable cause, to effectuate the traffic stop, this rationale does not entitle appellant to any relief, as we are free to affirm the trial court decision if there is any basis for its support. **See**, **e.g.**, **Commonwealth v. Kemp**, 961 A.2d 1247, 1254 n.3 (Pa.Super. 2008) (**en banc**).

[3] Section 4303(b) of the Motor Vehicle Code provides, in pertinent part: "Every vehicle operated on a highway shall be equipped with a . . . license plate light, in conformance with regulations of the department." 75 Pa.C.S.A. § 4304(b).

we find the traffic stop was legal and therefore find no error in the trial court's denial of appellant's motion to suppress evidence.

Appellant also argues that the demand of the officer that he provide his name or other identification information was in violation of his rights under the Fourth Amendment of the United States Constitution, as well as Article I Section 8 of the Pennsylvania Constitution. (Appellant's brief at 9.) He has waived this specific argument. Appellant's Rule 1925(b) statement focused solely on whether the officers had reasonable suspicion to believe a violation of the Vehicle Code had been committed. (*See* Docket #21.)

Rule 1925(b)(4) provides, in pertinent part, as follows:

> The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge.

Pa.R.A.P. 1925(b)(4)(ii). Pursuant to Rule 1925(b)(4)(vii), "Issues not included in the Statement and/or not raised in accordance with [Rule 1925(b)(4)] are waived." As our supreme court recently reiterated:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements.

***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011). Consequently, we must conclude that appellant's claim concerning his expectation of privacy is waived.

Judgment of sentence affirmed. Petition to withdraw granted.[4]

Panella, J. joins the Memorandum.

Fitzgerald, J. files a Dissenting Memorandum.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2015

---

[4] Even if we were to agree with the dissenting memorandum regarding waiver, we nevertheless would find no reason to remand as the issue is clearly meritless as explained in counsel's ***Anders*** brief. ***See Commonwealth v. Campbell***, 862 A.2d 659 (Pa.Super. 2004) (defendant who was passenger in vehicle did not have reasonable expectation of privacy in his identification, and thus police officer did not violate defendant's Fourth Amendment right against unreasonable searches and seizures when he asked defendant to identify himself after traffic stop; identity was not incriminating in and of itself, and defendant's name was subject to repeated disclosures every day).